Jian LIN, Petitioner,

v.

**UNITED STATES ATTORNEY GENERAL, Respondent.**

No. 04–6237–AG.

United States Court of Appeals, Second Circuit.

Feb. 16, 2006.

Gang Zhou, New York, New York, for Petitioner.

David E. Nahmias, United States Attorney for the Northern District of Georgia, Mina Rhee, Assistant United States Attorney, Atlanta, Georgia, for Respondent.

PRESENT: Hon. JOSÉ A. CABRANES, Hon. REENA RAGGI, and Hon. PETER W. HALL, Circuit Judges.

## SUMMARY ORDER

UPON DUE CONSIDERATION of this petition for review of a decision of the Board of Immigration Appeals ("BIA"), it is hereby ORDERED, ADJUDGED AND DECREED that the petition for review is GRANTED.

Petitioner Jian Lin, a citizen of China, through counsel, petitions for review of an order of the BIA entered on November 5, 2004, affirming a February 6, 2002 decision of an immigration judge ("IJ"). The IJ rejected the petitioner's application for asylum, withholding of removal, and relief under Article 3 of the United Nations Convention Against Torture ("CAT"). We assume the parties' familiarity with the underlying facts and procedural history of the case.

When, as in the present case, "the BIA adopts the decision of the IJ and merely supplements the IJ's decision, [this Court] review[s] the decision of the IJ as supplemented by the BIA." *Chen v. Gonzales*, 417 F.3d 268, 271 (2d Cir.2005). This Court reviews the agency's factual findings, including adverse credibility determinations, under the substantial evidence standard. *See* 8 U.S.C. § 1252(b)(4)(B); *Jin Hui Gao v. United States Att'y Gen.*, 400 F.3d 963, 964 (2d Cir.2005).

In the present case, the decisions of the IJ and BIA were not supported by substantial evidence. Contrary to the IJ's findings: (1) Lin's application for asylum was sufficiently detailed, as he explained the nature of his alleged persecution; (2) Lin appeared to have a "command of Falun Gong," because he was able to answer the IJ's questions regarding the practice; (3) Lin answered the IJ's question regarding the ideology of the Falun Gong; and (4) Lin did not "ke[ep] insisting that the principle thing that he did to practice Falun Gong was to sit in a lotus position." Further, the IJ's implausibility determinations were improperly based on speculation. *See Secaida–Rosales v. INS*, 331

F.3d 297, 307, 312 (2d Cir.2003). Lin also provided reasonable explanations for returning to the park where he had previously been arrested to engage in Falun Gong activities, since he explained that he believed that the police would not be there at the early time at which Lin returned, and for how the police who had arrested Lin knew where he had lived, since he explained that he lived in a small village neighboring a village where two or three of the police officers who had seen him practice Falun Gong lived. Moreover, the IJ never gave Lin an opportunity to explain how he was able to obtain a birth certificate issued after he had allegedly become a fugitive in China and, thus, improperly relied on speculation. *See Secaida–Rosales,* 331 F.3d at 307.

The BIA improperly found inconsistencies where: (1) Lin testified that police had argued with, and arrested, Falun Gong practitioners at a local park in July 1999, but did not mention such occurrence in his application for asylum, *see id.* ("An applicant's failure to list in his or her initial application facts that emerge later in testimony will not automatically provide a sufficient basis for an adverse credibility determination."), and (2) both Lin and the statement of Lin's friend indicated that Lin had argued with the police when they arrived at the park in July 1999.

Although the BIA was correct in finding that Lin's application and testimony were inconsistent with each other with respect to what information Chinese officials had sought when they interrogated him, that inconsistency was minor and does not go the heart of Lin's application. *See Diallo*

*v. INS,* 232 F.3d 279, 288 (2d Cir.2000). The BIA was also correct in finding inconsistencies between Lin's testimony and application and the statement of Lin's friend that, in July 1999, the police had recorded Lin's name and warned him at the confrontation in the park. However, those inconsistencies alone do not support the decisions of the IJ and BIA.* Further, the BIA failed to specify the "credible corroborative documentation" that Lin had failed to provide. *See Secaida–Rosales,* 331 F.3d at 307 ("to turn down a refugee candidate for want of sufficient corroboration, the adjudicator must (a) identify the particular pieces of missing, relevant documentation, and (b) show that the documentation at issue was reasonably available to the petitioner").

For the above reasons, the petition for review is therefore GRANTED with respect to Lin's claims for asylum and withholding of removal, and the matter is remanded to the BIA for further proceedings consistent with this opinion. Since Lin has not challenged the denial of his CAT claim in this Court, it is deemed to have been waived. Having completed our review, any stay of removal that the Court previously granted in this proceeding is VACATED, and any pending motion for a stay of removal in this proceeding is DENIED as moot. Any pending request for oral argument is DENIED in accordance with Federal Rule of Appellate Procedure 34(a)(2) and Second Circuit Local Rule 34(d)(1).

---

* It is not clear whether Lin's testimony that he had been detained for three weeks is inconsistent with the statement of his friend. The BIA appears to have taken the position that the IJ overlooked the fact that the statement indicated that Lin had been detained for two, rather than three weeks, and that the hand-written words—"more than"—were unreliable or inserted after the IJ's decision. However, it is a possibility that the IJ found that the words "more than" should have been considered part of the friend's statement, and, thus, found no inconsistency in that respect.